IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KANDANCE WELLS,**

    **Plaintiff,**

v.

**FACEBOOK INCORPORATED,**

**and**

**MARK ZUCKERBERG,**[1]

    **Defendants.**

Case No. 19-2379-DDC-JPO

## MEMORANDUM AND ORDER

This matter is before the court on defendants Facebook Incorporated and Mark Zuckerberg's Motion to Dismiss (Doc. 13). Pro se[2] plaintiff Kandance Wells has filed several responses (Docs. 18, 20, and 22) and defendants have replied (Doc. 23). And, plaintiff has filed a Motion for Summary Judgment (Doc. 21) to which defendants have responded (Doc. 24). Plaintiff also filed another "Supplement" response (Doc. 25). For reasons explained below, the

---

[1] Plaintiff misspelled this defendant's name as "Zuckerburg" in her Complaint. Doc. 1 at 2. Defendants' motion spells his name correctly as "Zuckerberg." The court uses the correct spelling throughout this Order.

[2] Because plaintiff proceeds pro se, the court construes her filings liberally and holds her to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."); *see also Clark v. Oklahoma*, 468 F.3d 711, 713 n.1 (10th Cir. 2006). But the court does not become an advocate for pro se parties. *See Hall*, 935 F.2d at 1110. Likewise, plaintiff's pro se status does not excuse her from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

court grants defendants' Motion to Dismiss (Doc. 13) and thus denies plaintiff's Motion for Summary Judgment (Doc. 21) as moot.

## I. Background

Plaintiff filed this action against defendants on July 11, 2019. Doc. 1. Plaintiff alleges that "[d]efendants['] website uploaded internet cookies to plaintiff['s] social media profiles that led to tracking, threats, and public backlash." *Id.* at 3. And, plaintiff alleges "[d]efendants['] website mandates clauses that made plaintiff a victim to severe media and public relations tracking and lobbying." *Id.* Plaintiff seeks $93 million in actual damages, punitive damages, and injunctive relief from defendants. Plaintiff also asks the court to prevent defendants from "media tracking in personal endeavors" and "to eradicate such mandate clauses that victimizes users of this website for the protection of consumers." *Id.* at 4. Plaintiff alleges that her "life was ruined" by using Facebook because of "severe mental anguish, public scrutiny, track[ing], brutaliz[ation], and blackball[ing] . . . ." *Id.* Finally, plaintiff asserts that defendants violated her civil rights.

## II. Legal Standard

A plaintiff bears the burden to establish personal jurisdiction over each defendant named in the action. *Rockwood Select Asset Fund XI (6)-1, LLC v. Devine, Millimet & Branch*, 750 F.3d 1178, 1179–80 (10th Cir. 2014). But in the preliminary stages of litigation, a plaintiff's burden to prove personal jurisdiction is a light one. *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008).

Where, as here, the court is asked to decide a pretrial motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, plaintiff must make no more than a prima facie showing of jurisdiction to defeat the motion. *Id.* at 1056–57. "The plaintiff

may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998).

To defeat a plaintiff's prima facie showing of personal jurisdiction, defendants "must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'" *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)). Where defendants fail to controvert a plaintiff's allegations with affidavits or other evidence, the court must accept the well-pleaded allegations in the complaint as true, and resolve any factual disputes in the plaintiff's favor. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

### III. Analysis

Defendants ask the court to dismiss plaintiff's claims for two reasons. First, defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(2), and assert that plaintiff has failed to establish that the court has personal jurisdiction over defendants. Second, and alternatively, defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing plaintiff's Complaint fails to state a plausible claim because it never identifies any legal claim or alleges any facts to support a legal claim. The court first concludes that it has subject matter jurisdiction over this dispute. Then, because the court concludes that it lacks personal jurisdiction over defendants, it does not reach defendants' argument about whether plaintiff states a claim.

#### A. Subject Matter Jurisdiction

The court has an independent obligation to satisfy itself that subject matter jurisdiction is proper. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). Plaintiff asserts the

court has diversity jurisdiction over this matter. Doc. 1 at 2. To invoke diversity jurisdiction, plaintiff must show the amount in controversy exceeds $75,000, and that complete diversity of citizenship exists between plaintiff and all defendants. 28 U.S.C. § 1332(a). Here, this requirement means plaintiff must allege that she and all defendants are "citizens of different States." 28 U.S.C. § 1332(a)(1). Plaintiff alleges that she is a citizen of Kansas and both defendants are citizens of California. Doc. 1 at 2. So, no defendant is a citizen of the same state as plaintiff. And, plaintiff seeks $93 million in damages. *Id.* at 4. Thus, plaintiff has alleged sufficient facts to show the court has diversity jurisdiction in this matter.

## B. Personal Jurisdiction

It is unclear whether plaintiff intended to bring her claims under a statute. Plaintiff appears to assert the court has diversity jurisdiction over her claims, but also asserts the court has jurisdiction under 28 U.S.C. § 1343. Doc. at 2, 3. In either event, Federal Rule of Civil Procedure 4(k)(1)(A) governs service. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). This Rule requires the court to apply the law of the state where the district court is situated. Fed. R. Civ. P. 4(k)(1)(A).

Kansas' long-arm statute is construed liberally to permit exercise of jurisdiction in every situation consistent with the United States Constitution. *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1305 (10th Cir. 1994); *see also* Kan. Stat. Ann. § 60-308(b)(1)(L) & (b)(2). Thus, the court need not conduct a separate personal jurisdiction analysis under Kansas law because the "first, statutory, inquiry effectively collapses into the second, constitutional, analysis." *Dudnikov*, 514 F.3d at 1070.

The constitutional analysis requires a court to determine whether "exercis[ing] jurisdiction [is] in harmony with due process." *Id.* This analysis involves a two-step inquiry:

(1) a defendant "must have 'minimum contacts' with the forum state, such that having to defend a lawsuit" in the forum, (2) "would not 'offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Plaintiffs can satisfy the "minimum contacts" standard in either one of two ways—by establishing general jurisdiction or specific jurisdiction based on a defendant's contacts with the forum state. *Rockwood Select Asset Fund*, 750 F.3d at 1179. The Tenth Circuit has described how general jurisdiction and specific jurisdiction differ, as follows:

> General jurisdiction is based on an out-of-state defendant's "continuous and systematic" contacts with the forum state, and does not require that the claim [at issue] be related to those contacts. Specific jurisdiction, on the other hand, is premised on something of a *quid pro quo*: in exchange for "benefitting" from some purposive conduct directed at the forum state, a party is deemed to consent to the exercise of jurisdiction for claims related to those contacts.

*Dudnikov*, 514 F.3d at 1078 (citations omitted).

Defendants contend plaintiff's Complaint fails to meet her burden to show that the court has general or specific personal jurisdiction over them. The court considers defendants' argument below.

### 1. General Jurisdiction

Defendants argue that plaintiff has failed to allege that the court has general jurisdiction over Facebook because it is incorporated in Delaware and has its principal place of business in California. Defendants also contend Mr. Zuckerberg is domiciled in California. Defendants contend that the "court may assert general jurisdiction only when the defendant's 'affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State.'" Doc. 14-2 at 3 (quoting *Goodyear v. Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). A corporation is "at home" in two places: its principal place of business and its state of incorporation. *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014). An individual is

5

at home where he is domiciled. *Goodyear*, 564 U.S. at 924. Defendants contend that neither defendant is "at home" in Kansas because Facebook neither incorporated here nor located its headquarters here. Likewise, defendants claim Mr. Zuckerberg is domiciled in California.

Defendants acknowledge that general jurisdiction could be proper in an "exceptional case." Doc. 14-2 at 3. But, such cases are limited to situations where "a corporate defendant's operations in another forum [are] so substantial and of such a nature as to render the corporation at home in that State." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1552–53 (2017) (citation and internal quotation marks omitted). Defendants contend that operating a website—an activity that Facebook engages in—that is accessible from Kansas is not enough to create an exceptional case. Tenth Circuit precedent supports defendants' proposition. *See Shrader v. Biddinger*, 633 F.3d 1235, 1241 (10th Cir. 2011) (holding that operating a website, on its own, does not "subject the owner or operator to personal jurisdiction" where the site is accessed).

Plaintiff responds with confused allegations that "jurisdictional matter[s]" are a "personal attack based on usage of defendants' social medial website" and they are a "personal matter." Doc. 18 at 1. Plaintiff appears to confuse defendants' Motion to Dismiss for lack of personal jurisdiction with an argument that her allegations are not "personal." Plaintiff asserts that defendants have "no judicial sovereignty to dictate jurisdiction as that power is given to appointed officials of the United States . . . ." Doc. 20 at 1. And, she contends, the court has diversity jurisdiction in this lawsuit. Liberally construing plaintiff's filings, she appears to assert that Mark Zuckerberg exercises control over the day-to-day operations of Facebook and he is responsible for the harm plaintiff alleges. Plaintiff also alleges that she took "refuge" in Kansas to support her claim that the court has personal jurisdiction over defendants. Doc. 20 at 3.

The court concludes that defendants lack sufficient contacts to confer personal jurisdiction on a general jurisdiction theory. *See Goodyear*, 564 U.S. at 919; *Daimler AG*, 134 S. Ct. at 760. Neither defendant is "at home" in Kansas. The Tenth Circuit explained in *Shrader* that "[t]he maintenance of a web site does not in and of itself subject the owner or operator to personal jurisdiction, even for actions relating to the site, simply because it can be accessed by residents of the forum state." *Shrader v. Biddinger*, 633 F.3d 1235, 1241 (10th Cir. 2011). Instead, the operation of a commercial website subjects a defendant to general personal jurisdiction "'only when the defendant has actually and deliberately used its website to conduct commercial transactions *on a sustained basis with a substantial number of residents* of the forum.'" *Id.* at 1243 (quoting *Smith v. Basin Park Hotel, Inc.*, 178 F. Supp. 2d 1225, 1235 (N.D. Okla. 2001)).

Plaintiff here has not carried her burden of establishing general personal jurisdiction under this standard. Defendants operate a website that is accessible anywhere, including Kansas. But plaintiff has not pleaded or proved that defendants "intentionally directed" website activity at Kansas to subject them to general jurisdiction under *Shrader*. Instead, plaintiff alleges merely that she has used Facebook's website and that Mark Zuckerberg controls Facebook. These facts are insufficient to establish general jurisdiction in Kansas. *See Advisors Excel, LLC v. Senior Advisory Grp., LLC*, No. 11-4015-JAR, 2011 WL 3489884, at *4 (D. Kan. Aug. 10, 2011) (holding that plaintiff failed to make prima facie showing that defendant's operation of website approximated physical presence in the state sufficient to subject defendant to general jurisdiction). And, plaintiff's contention that *she* fled to Kansas for "refuge" is not germane to the court's capacity to exert personal jurisdiction over *defendants*. *Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("[O]ur 'minimum contacts' analysis looks to the defendant's contacts with the

7

forum State itself . . . ."); *Goodyear*, 564 U.S. at 923 ("The Due Process Clause of the Fourteenth Amendment sets the outer boundaries of a state tribunal's authority to proceed against a defendant."); *Burger King*, 471 U.S. at 474 ("[T]he constitutional touchstone remains whether defendant purposefully established 'minimum contacts' in the forum State."). The court lacks general jurisdiction over defendants.

### 2. Specific Jurisdiction

In their Motion to Dismiss, defendants assert that plaintiff has failed to allege facts showing that the court has personal jurisdiction on a theory of specific jurisdiction. Defendants contend plaintiff must allege that they "purposefully directed" their activities toward Kansas. Doc. 14-2 at 4. And, defendants assert, plaintiff has failed to allege any facts about Mr. Zuckerberg. Defendants also assert plaintiff has failed to allege any facts showing that Facebook purposefully directed its activities at Kansas, took action with knowledge that it may cause injury in Kansas, or that plaintiff's alleged injuries arise out of Facebook's activities in Kansas. *Id.* at 5.

Plaintiff's responses do not directly respond to defendants' arguments. She does not allege any facts that connect either defendant to Kansas. Plaintiff rarely mentions Kansas in her filings and appears to allege that she "took personal refuge" in Kansas after the alleged events transpired. Doc. 20 at 3.

A court may exercise specific jurisdiction where: (1) the out-of-state defendant "purposefully directed" his activities at residents of the forum state, and (2) the plaintiff's injuries arose from those purposefully directed activities. *Newsome v. Gallacher*, 722 F.3d 1257, 1264 (10th Cir.2013) (citation omitted). "In all events, the shared aim of [the] 'purposeful direction' doctrine has been said by the Supreme Court to ensure that an out-of-state defendant is

not bound to appear to account for merely 'random, fortuitous, or attenuated contacts' with the forum state." *Dudnikov*, 514 F.3d at 1071 (quoting *Burger King*, 471 U.S. at 475).

The Supreme Court addressed the kind of "minimum contacts" necessary to support specific jurisdiction. *Walden*, 571 U.S. at 284. There, the Court explained, "[f]or a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* The Court also emphasized two related aspects of the defendant's relationship with the forum state that must exist for a court to exercise jurisdiction over a nonresident defendant on this basis. *See id.* at 284–85. First, the relationship between the defendant and the forum state must arise out of contacts that the "'defendant *himself*' creates" with the forum state. *Id.* at 1122 (quoting *Burger King*, 471 U.S. at 475). Second, the "minimum contacts" analysis focuses on "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* (citations omitted).

The court concludes that defendants lack sufficient minimum contacts for the court to exercise specific jurisdiction. Plaintiff has failed to carry her burden to allege a prima facie showing that the court has jurisdiction over defendants. *See OMI Holdings, Inc.*, 149 F.3d at 1091. She has alleged no facts that the court can plausibly construe to show defendants have minimum contacts with Kansas required to support specific jurisdiction. Thus, the court grants defendants' Motion to Dismiss for that reason.

### 3. Conclusion

Plaintiff's conclusory allegations fail to show defendants are subject to general or specific personal jurisdiction in Kansas. Plaintiff bears the burden to establish personal jurisdiction and she has not met that burden here. No personal jurisdiction exists over defendants in this forum. And, because it lacks jurisdiction, the court does not consider defendants' Rule 12(b)(6) motion.

The court thus grants defendants' Motion to Dismiss (Doc. 13) and denies plaintiff's Motion for Summary Judgment (Doc. 21) as moot. The court directs the clerk to terminate this action.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Motion to Dismiss (Doc. 13) is granted.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Summary Judgment (Doc. 21), Motion in Opposition of Motion to Dismiss (Doc. 18), and Amended Motion in Opposition of Motion to Dismiss (Doc. 20) are denied as moot.

**IT IS FURTHER ORDERED THAT** the clerk is directed to terminate this action.

**IT IS SO ORDERED.**

**Dated this 18th day of December, 2019, at Kansas City, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**